IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| MEXICAN EXPRESS AMIGOS, INC. and MEXICAN EXPRESS CAROLINA, INC. d/b/a MAMASITA'S RESTAURANT, | ) ) ) ) | JURY TRIAL DEMAND |
| Defendants. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female), and to provide appropriate relief to Kira Flint, Virginia Vaughn, and a class of similarly situated women including Roseanna Brothers, who were adversely affected by such practices. Specifically Plaintiff, Equal Employment Opportunity Commission (the "EEOC" or the "Commission") alleges that Defendants Mexican Express Amigos, Inc. and Mexican Express Carolina, Inc. d/b/a Mamasita's Restaurant ( "Defendants") subjected Kira Flint, Virginia Vaughn, and a class of similarly situated women including Roseanna Brothers, to a sexually hostile work environment and constructively discharged some of the aggrieved individuals due to their sex, female. The Commission further alleges that Defendants retaliated against Kira Flint by reducing her work hours because she opposed the sexual harassment which resulted in her constructive discharge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343

and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants have continuously been doing business in the State of North Carolina and the cities of Edenton and Elizabeth City, and have continuously had at least 15 employees.

5. At all relevant times, Defendants have continuously been an employer, operating as an integrated business enterprise, engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Kira Flint and Virginia Vaughn filed charges with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around February 2005 until at least August 2005, Defendants engaged in unlawful employment practices at their facilities in Edenton and Elizabeth City, North Carolina, in

2

violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) as set forth below:

a. Defendants subjected Kira Flint to sexual harassment and a sexually hostile work environment based on her sex, female. The harassment was perpetrated by two co-workers. The harassment was severe or pervasive and included but was not limited to, unwelcome sexual comments, such as repeated requests for sexual favors, as well as touching, such as grabbing her buttocks and breasts. Although Kira Flint complained about the harassment to Defendants, or Defendants otherwise knew or should have known about the harassment, the harassment continued.

b. Defendants retaliated against Kira Flint by reducing her work hours because she opposed the sexual harassment. As a result, Ms. Flint was forced to resign.

c. Defendants subjected Virginia Vaughn to sexual harassment and a sexually hostile work environment based on her sex, female. The harassment was perpetrated by two co-workers and a manager who was in Virginia Vaughn's direct line of supervision. The harassment was severe or pervasive and included, but was not limited to, unwelcome sexual comments such as asking her to "show her titties," as well as touching, such as slapping her buttocks, putting hands down her pants, and grabbing her breasts. Although Virginia Vaughn complained about the harassment to Defendants, or Defendants otherwise knew or should have known about the harassment, the harassment continued. The harassment was so intolerable that Virginia Vaughn was forced to resign.

d. Defendants subjected , and a class of similarly situated women including Roseanna Brothers, to sexual harassment and a sexually hostile work environment based on

their sex, female. The harassment was perpetrated by co-workers and/or supervisors in the direct line of supervision of the aggrieved women. The harassment was severe or pervasive and included, but was not limited to, unwelcome sexual comments, such as repeated requests for dates, as well as touching. Although the similarly situated women, including Roseanna Brothers, complained about the harassment to Defendants, or Defendants otherwise knew or should have known about the harassment, the harassment continued. The harassment was so intolerable that some of the aggrieved women, including Roseanna Brothers, were forced to resign.

8. The effect of the practice complained of in paragraph 7 above has been to deprive Kira Flint, Virginia Vaughn, and a class of similarly situated women including Roseanna Brothers, of equal employment opportunities and otherwise adversely affect their status as an employee because of their sex, female.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7above were done with malice or with reckless indifference to the federally protected rights of Kira Flint, Virginia Vaughn, and a class of similarly situated women including Roseanna Brothers.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from creating or maintaining a sexually hostile work environment or any other employment practice which discriminates on the

basis of sex, and from retaliating against employees who oppose practices made unlawful by Title VII.

  B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of their past and present unlawful employment practices.

  C. Order Defendants to make whole Kira Flint, Virginia Vaughn, and a class of similarly situated women including Roseanna Brothers, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement or front pay.

  D. Order Defendants to make whole Kira Flint, Virginia Vaughn, and a class of similarly situated women including Roseanna Brothers, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to medical expenses, in amounts to be determined at trial.

  E. Order Defendants to make whole Kira Flint, Virginia Vaughn, and a class of similarly situated women including Roseanna Brothers by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

  F. Order Defendants to pay Kira Flint, Virginia Vaughn, and a class of similarly situated women including Roseanna Brothers punitive damages for their malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 27th day of September 2006.

    Respectfully submitted,

    RONALD S. COOPER
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel


    /s/ Lynette A. Barnes
    LYNETTE A. BARNES (N.C. Bar No. 19732)
    Regional Attorney
    E-mail: Lynette.Barnes@eeoc.gov

    TINA BURNSIDE
    Supervisory Trial Attorney
    E-mail: Tina.Burnside@eeoc.gov
    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    129 W. Trade Street, Suite 400
    Charlotte, North Carolina 28202
    Telephone: (704) 344-6878
    Facsimile: (704) 344-6780


    /s/   Kerith Cohen
    KERITH COHEN (Virginia State Bar No. 39069)
    Senior Trial Attorney
    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    1309 Annapolis Drive

Raleigh, North Carolina 27608
Telephone: (919) 856-4148
Facsimile: (919) 856-4156
E-mail: Kerith.Cohen@eeoc.gov