IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 2:06-CV-33 |
| v. | ) ) | CONSENT DECREE |
| MEXICAN EXPRESS AMIGOS, INC., and MEXICAN EXPRESS CAROLINA, INC. d/b/a MAMASITA'S RESTAURANT, | ) ) ) ) ) | |
| Defendants. | | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendants Mexican Express Amigos, Inc. and Mexican Express Carolina, Inc. d/b/a Mamasita's Restaurant ("Defendants") subjected Kira Flint, Virginia Vaughn, and a class of similarly situated women including Roseanna Brothers, to a sexually hostile work environment and constructively discharged some of the aggrieved individuals due to their sex, female. The Complaint further alleges that Defendants retaliated against Kira Flint by reducing her work hours because she opposed the sexual harassment which resulted in her constructive discharge.

The Commission and the Defendants hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

1

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 20 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendants shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII.

2. Defendants shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendants shall pay Kira Flint the sum of ten thousand dollars ($10,000.00) in settlement of the claims raised in this action. Defendants shall make payment by issuing a check payable to Kira Flint. Payment shall be made within thirty (30) days after the Court approves this Consent Decree, and Defendants shall mail the check to Kira Flint at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendants shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Kira Flint.

4. Defendants shall pay Virginia Vaughn the sum of nine thousand dollars ($9,000.00) in settlement of the claims raised in this action. Defendants shall make payment by issuing a check payable to Virginia Vaughn and Hornthal, Riley, Ellis & Maland, LLP.

Payment shall be made within thirty (30) days after the Court approves this Consent Decree, and Defendants shall mail the check to Hornthal, Riley, Ellis & Maland, LLP, PO Box 220, Elizabeth City, NC 27907-0220. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Hornthal, Riley, Ellis & Maland, LLP.

5. Defendants shall pay Roseanna Brothers the sum of six thousand dollars ($6,000.00) in settlement of the claims raised in this action. Defendants shall make payment by issuing a check payable to Roseanna Brothers. Payment shall be made within thirty (30) days after the Court approves this Consent Decree, and Defendants shall mail the check to Roseanna Brothers at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendants shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Roseanna Brothers.

6. Within ten (10) days of the entry of this decree by the Court, Defendants shall eliminate from the employment records of Kira Flint, Virginia Vaughn, and Roseanna Brothers any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Numbers 141-2005-03355 and 141-2005-03197 and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendants shall report compliance with this provision to the EEOC.

7. Defendants agree to provide Kira Flint with a letter of reference, a copy of which is attached as Exhibit A, within ten (10) days of the entry of this decree by the Court. In addition, if Defendants receive any inquiries regarding Kira Flint's employment, Defendants

3

shall provide the document attached as Exhibit A in lieu of a verbal response.

8. Defendants agree to provide Virginia Vaughn with a letter of reference, a copy of which is attached as Exhibit B, within ten (10) days of the entry of this decree by the Court. In addition, if Defendants receive any inquiries regarding Virginia Vaughn's employment, Defendants shall provide the document attached as Exhibit B in lieu of a verbal response.

9. Defendants agree to provide Roseanna Brothers with a letter of reference, a copy of which is attached as Exhibit C, within ten (10) days of the entry of this decree by the Court. In addition, if Defendants receive any inquiries regarding Roseanna Brothers' employment, Defendants shall provide the document attached as Exhibit C in lieu of a verbal response.

10. Within ninety (90) days of the entry of this decree by the Court, Defendants shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against sexual harassment and retaliation; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendants shall distribute to each current employee a copy of the policy within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this decree, Defendants shall report compliance to the Commission. During the term of this Decree, Defendants shall distribute the policy to all new employees and review it with them at the time of hire. The revised policy shall also be translated into Spanish by a court certified Spanish language interpreter. For current and new employees whose primary language is Spanish, Defendant shall distribute the written policy in Spanish.

11. During the term of this decree, Defendants shall post a copy of the policy

described in paragraph 10, *supra*, in all of their facilities in a place where it is visible to employees. The policy shall be posted in both English and Spanish. If the policy becomes defaced or unreadable, Defendants shall replace it by posting another copy of the policy. Within ninety five (95) days after the Consent Decree is entered, Defendants will post the policy and notify the EEOC that it has been posted.

12. During the term of this Decree, Defendants shall provide an annual training program to all of its owners, managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against sexual harassment and retaliation in the workplace. Each training program shall also include an explanation of Defendants' policy referenced in paragraph 10 above, and an explanation of the rights and responsibilities of employees and managers under the policy. A court certified Spanish language interpreter shall be present at each training program and will translate the training program into Spanish.

The first training program shall be completed within one hundred (100) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendants shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

13. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendants shall conspicuously post the attached Employee Notice, marked Exhibit D, hereby made a part of this Decree, in a place where it is

5

visible to employees at its facilities. Defendants shall also have the Employee Notice, marked as Exhibit D, translated into Spanish by a court certified interpreter and posted pursuant to the terms of this paragraph. If the Notice becomes defaced or unreadable, Defendants shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendants shall notify the Commission that the Notice has been posted pursuant to this provision.

14. During the term of this Consent Decree, Defendants shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

    A.    A description of:

        (1) all incidents of sexual harassment;

        (2) any reports made pursuant to the policy described in paragraph 10 above;

        (3) any activity prohibited by the policy described in paragraph 10 above, regardless of whether the incidents were reported pursuant to the policy; and

        (4) any reports or complaints of sexual touching, comments, or conduct.

    B.    For each incident described in 14.A above:

        (1) the name, address, telephone number, position, and social security number of all individuals involved in the incident; and

        (2) a full explanation of what action Defendants took in response to the incident.

    C.    The identities of all individuals who have opposed any practice made unlawful under Title VII of the Civil Rights Act of 1964, or who have filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute, including by way of identification each person's name, address, telephone number, position, and social security number.

6

D. For each individual identified in 14.C. above: a full explanation of whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, transfer, demotion, promotion, reduction in hours or wage rate, or to part-time from full-time).

E. For each individual whose employment status has changed as identified in 14.D above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendants shall send EEOC a "negative" report indicating no activity.

15. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendants' facilities, interview employees and examine and copy documents.

16. If anytime during the term of this Decree, the Commission believes that Defendants are in violation of the Decree, the Commission shall give notice of the alleged violation to Defendants. Defendants shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

17. The term of this Decree shall be for five (5) years.

18. All reports or other documents sent to the Commission by Defendants pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

19. Each party shall bear its own costs and attorney's fees.

20. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

7

January 8, 2008
Date

*[signature]*
Judge, U.S. District Court
E. District of North Carolina

8

The parties jointly request that the Court approve and enter the Consent Decree:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff**

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ Lynette A. Barnes
LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
129 W. Trade Street, Suite 400
Charlotte, NC 28202
Tel. (704) 344-6878
Fax. (704) 344-6780
Lynette.Barnes@eeoc.gov


/s/ Tracy Hudson Spicer
TRACY HUDSON SPICER (MD Bar No. 08671)
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L Street, N.W., Suite 100
Washington, DC 20507-1002
Telephone:   (202) 419-0711
Facsimile:   (202) 419-0701
E-mail: Tracy.Spicer@eeoc.gov


/s/ Kerith Cohen
KERITH COHEN (Virginia Bar No. 39069)
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Raleigh Area Office
1309 Annapolis Drive

9

Raleigh, NC 27608
Telephone:  919.856.4148
Facsimile:  919.856.4156
Kerith.Cohen@eeoc.gov


**MEXICAN EXPRESS AMIGOS, INC., Defendant**

/s/ Curtis L. Bentz
Curtis L. Bentz (NC Bar No. 19733)
BATTLE WINSLOW SCOTT & WILEY, P.A.
Attorneys for Defendant
PO Box 7100
Rocky Mount, NC 27804-0100
Telephone: (252) 937-2200
Facsimile 252-335-4223
Email cbentz@bwsw.com


**MEXICAN EPRESS CAROLINA, INC., Defendant**

/s/ Curtis L. Bentz
Curtis L. Bentz (NC Bar No. 19733)
BATTLE WINSLOW SCOTT & WILEY, P.A.
Attorneys for Defendants
PO Box 7100
Rocky Mount, NC 27804-0100
Telephone: (252) 937-2200
Facsimile 252-335-4223
Email cbentz@bwsw.com

10

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Kira Flint.

Ms. Flint was employed by Mexican Express Amigos, Inc., d/b/a Mamasita's Restaurant from February 15, 2005 through August 8, 2005. During her tenure with us, Ms. Flint held the position of bartender. Her ending salary was _____ .

Ms. Flint was an honest and reliable employee who possesses excellent skills. Indeed, we valued her services to our company.

We hope that this information about Ms. Flint is helpful to you in considering her for employment.

Sincerely,


Jose Morales, President
Mexican Express Amigos, Inc.
d/b/a Mamasita's Restaurant

Exhibit A

11

Case 2:06-cv-00033-D   Document 15   Filed 01/08/08   Page 11 of 14

Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Virginia Vaughn.

Ms. Vaughn was employed by Mexican Express Amigosn, Inc., d/b/a Mamasita's Restaurant from February 16, 2005 through March 14, 2005. During her tenure with us, Ms. Flint held the position of server. Her ending salary was _____ .

Ms. Vaughn was an honest and reliable employee who possesses excellent skills. Indeed, we valued her services to our company.

We hope that this information about Ms. Vaughn is helpful to you in considering her for employment.

Sincerely,


Jose Morales, President
Mexican Express Amigos, Inc.
d/b/a Mamasita's Restaurant

Exhibit B

12

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Roseanna Brothers.

Ms. Brothers was employed by Mexican Express Carolina, Inc., d/b/a Mamasita's Restaurant during June and July, 2005. During her tenure with us, Ms. Brothers held the position of server. Her ending salary was _____ .

Ms. Brothers was an honest and reliable employee who possesses excellent skills. Indeed, we valued her services to our company.

We hope that this information about Ms. Brothers is helpful to you in considering her for employment.

Sincerely,


Jose Morales, President
Mexican Express Carolina, Inc.
d/b/a Mamasita's Restaurant

Exhibit C

13

Case 2:06-cv-00033-D   Document 15   Filed 01/08/08   Page 13 of 14

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 2:06-CV-33 |
| v. | ) ) ) | NOTICE |
| MEXICAN EXPRESS AMIGOS, INC., and MEXICAN EXPRESS CAROLINA, INC. d/b/a MAMASITA'S RESTAURANT, | ) ) ) ) | |
| Defendants. | ) | |

This Notice is posted pursuant to a Consent Decree between the U.S. Equal Employment Opportunity Commission and Mexican Express Amigos, Inc., and Mexican Express Carolina, Inc., d/b/a Mamasita's Restaurant ("Mamasita's"), in a case of sexual harassment and retaliation. Specifically, the EEOC alleged that Mamasita's subjected Kira Flint, Virginia Vaughn, and a class of similarly situated women including Roseanna Brothers to a sexually hostile work environment and constructively discharged some of the aggrieved individuals due to their sex, female. The Complaint further alleges that Defendants retaliated against Kira Flint by reducing her work hours because she opposed the sexual harassment which resulted in her constructive discharge. As part of the settlement, Mamasita's agreed to pay money damages to Ms. Flint, Ms. Vaughn, and Ms. Brothers and take other action set out in a Consent Decree resolving the matter.

Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII of the Civil Rights Act of 1964 specifically prohibits discrimination on the basis of disability. Mamasita's will comply with such federal law in all respects. Furthermore, Mamasita's will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

DO NOT REMOVE THIS NOTICE UNTIL: _____ , 2013

Exhibit D

14